**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
In re:

**THE VIEW AT 101 BOARDWALK LLC**

                                                 **Debtor.**
------------------------------------------------------------x

Chapter 11

Case No. 14-13157 (ALG)

## DECLARATION UNDER PENALTY OF PERJURY
## PURSUANT TO LOCAL RULE 1007-4

The View at 101 Boardwalk LLC (the "Debtor"), hereby declares under penalty of perjury, pursuant to Local Rule 1007-4, as follows:

1. The Debtor's primary asset is the following litigation: <u>The View at 101 Boardwalk LLC v. Soto 119 Realty, LLC, Diego Soto, Jose Tatis, 131 West 119th Realty LLC, JPMorgan Chase, N.A., and "Adam Doe"</u> Index No. 150421/2014.

2. Prior to the filing of the petition, the Debtor filed an Amended Complaint, on August 15, 2014, in the Supreme Court of New York, County of New York, Index No. 150421/2014 against Lorenzo Deluca ("Deluca") for fraud, breach of contract and tortious interference

3. The lawsuit arose when the Debtor purchased membership certificates for Soto 119 Realty, LLC ("131 West 119"), which owned the property located at 131 West 119th Street in New York City (the "Property"). After the Debtor paid at least $235,000.00 to 131 West 119, which was partially owned and represented by Deluca, Deluca failed to deliver the membership certificates to the Debtor in a complete abrogation of the purchase agreement. Deluca then defrauded the Debtor by selling the membership certificates a second time to a third party, a fraud he should have been well-aware was

1

        illegal considering his license to practice law.  A copy of the Amended Complaint is attached hereto as **Exhibit A**.

4. Thereafter, Deluca, using a proxy corporation, Merrick D. Holdings, Inc. purchased judgments against the Debtor and sought to enforce them in both New Jersey and New York.[1] By purchasing these judgments, Deluca sought to undermine the Debtor's litigation against him and thwart the Debtor from rectifying the damage to the Debtor caused by Deluca's fraud.

5. Worse still, Deluca sought to coerce the Debtor into withdrawing its lawsuit for fraud against him, particularly because Deluca, as an attorney, may have significant liability for his participation.

6. In that regard, in the New Jersey case, captioned <u>Merrick D. Holdings, Inc. v. 101 Boardwalk, Inc. et al.</u>, Docket No. UNN-C-88-10, Deluca moved for an order to appoint a receiver on the equity of the Debtor, pursuant to N.J.S.A 2A:17-66.  This order was granted on November 14, 2014 by the Chancery Division of Union County, New Jersey.

7. The Debtor filed the bankruptcy herein on November 17, 2014 to stay the appointment of the receiver and prevent Deluca from completing his end-run around the court system to deny the Debtor its day in Court against him.

8. The list of twenty (20) largest unsecured creditors is filed with the Schedules.

5. The Debtor has less than five secured creditors.

6. A summary of the Debtor's assets and liabilities is filed with the Schedules.

7. There are no publicly held stocks, debentures or other securities.

8. There is no property owned, leased, or held under any other arrangement.

---

[1] The New York Case is in the Supreme Court of New York, New York County, Index No. 651919/2014.

9. A list of the litigations in which the Debtor is a party is set forth in the Statement of Financial Affairs at question 4.A thereof.

10. The Debtor does not expect to assume any obligations which will remain unpaid during the next thirty (30) day period.

Dated: New York, New York  
December 15, 2014

**THE VIEW AT 101 BOARDWALK**

By: /s/ Steven Kates  
      Managing Member