```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
In re                              :    Case No. 14-13157(CGM)

THE VIEW AT 101 BOARDWALK LLC,     :    Chapter 11

            Debtor.                :

-----------------------------------X
```

**SECOND SUPPLEMENT TO OBJECTION
OF THE UNITED STATES TRUSTEE
TO THE DEBTOR'S RETENTION APPLICATION**

**TO THE HONORABLE CECELIA G. MORRIS,
CHIEF UNITED STATES BANKRUPTCY JUDGE:**

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), by and through his counsel, respectfully submits this second supplement to his objection (the "Objection") (ECF No. 10) as supplemented (ECF No. 15) to the application (the "Application") of the debtor, The View at 101 Boardwalk LLC (the "Debtor"), to retain the Law Offices of David Carlebach, Esq. (the "Firm").

**Supplemental Background**

1. The statement of facts of the Objection (ECF No. 10) and the Supplement to the Objection (the "First Supplement") (ECF No. 15) are incorporated by reference.

2. After this Office filed its First Supplement (ECF No. 15), a creditor contacted this Office to state that the Firm represented Stephen Kates, Debtor's principal, in an individual capacity. Thereafter, the creditor's counsel produced to this

Office a notice of appearance filed by the Firm on behalf of the Debtor, its principal Steven Kates and others in the matter captioned <u>Merrick D. Holdings Inc. v. The View at 101 Boardwalk LLC, et al.</u>, Index No. 652539/2014 (Sup. Ct. N.Y. Co.) (the "<u>Merrick</u> Case") (Supplemental Declaration of Serene K. Nakano ("Supp. Nakano Dec."), Exh. A).

## **Objection**

The authorities set forth in the original Objection and the First Supplement are respectfully incorporated by reference.

In addition to the reasons set forth in the First Supplement,[1] the United States Trustee objects to the Application based upon the Firm's non-disclosure of its representation of Mr. Kates in the <u>Merrick</u> Case and because the Firm's representation of both the Debtor and Mr. Kates presents a potential conflict of interest.

---

[1] The grounds set forth in this Office's original Objection (ECF No. 10) were mooted by the filing of an amended Rule 2016 statement and the testimony at the meeting of creditors that the Debtor's principal and not the estate would pay the post-petition retainer. However, the <u>Lar Dan</u> affidavit requested in the First Supplement is still defective. Stephen Kates, a non-attorney, cannot execute an affirmation under New York law. <u>See</u> CPLR § 2106 (affirmation by attorney or other professional sworn to under penalty of perjury). In addition, his affirmation is not sworn to under penalty of perjury. <u>See</u> <u>id</u>. An attempt to have the Debtor file a proper <u>Lar Dan</u> affidavit has been unsuccessful.

**A.    Applicable Law**

**1.    Non-Disclosure**

It was incumbent upon the Firm to disclose all relevant "connections." Fed. R. Bankr. P. 2014(a). "The term 'connections' [in Rule 2014(a)] is broad and is strictly construed ...." In re Source Enter., Inc., 2008 WL 850229, at *8 (Bankr. S.D.N.Y. Mar. 27, 2008). Rule 2014(a) disclosure is "mandatory, whether or not that disclosure would unearth a conflict of interest. It is also apparent that the obligation to disclose is not a subjective one, whereby the professional discloses only those 'connections' that he/she/it concludes are relevant." In re Matco Electronics Group, Inc., 383 B.R. 848, 852-53 (Bankr. N.D.N.Y. 2008) (internal quotations omitted)). See In re C&C Demo, Inc., 273 B.R. 502, 506 (Bankr. E.D. Tex. 2001) ("any professional who seeks to be employed by a bankruptcy estate assumes an affirmative duty to disclose all connections with parties in interest, and to reveal any interest which may be antagonistic or opposite to the interest of the estate."); In re Granite Partners, L.P., 219 B.R. 22, 35 (Bankr. S.D.N.Y. 1998) (existence of arguable conflict must be disclosed if only to be explained away). "All facts that may have any bearing on the disinterestedness of a professional must be disclosed." In re Leslie Fay Cos., Inc., 175 B.R. 525, 533 (Bankr. S.D.N.Y. 1994).

### 2. Representation Of Both Debtor And Principal

"It is a conflict of interest to represent a debtor and an owner of the debtor." In re Wiley Brown & Assoc., LLC, 2006 WL 2390290, at *4 (Bankr. M.D.N.C. Aug. 14, 2006); see, also, In re Big Mac Marine, Inc., 326 B.R. 150, 154 (8th Cir. BAP 2005) (actual conflict for attorney to represent debtor's principals in individual bankruptcy case where principals were debtor's creditors); In re Bolton-Emerson, Inc., 200 B.R. 725, 731 (D. Mass. 1996) ("Several courts have flagged the potential conflict of interest which arises when counsel represent both a corporate debtor and its officers.") (citations omitted); In re Bonneville Pac. Corp., 196 B.R. 868, 886 (Bankr. D. Utah 1996) (when counsel for a debtor in possession undertakes representation of debtor's principal, he abandons his fiduciary obligations as counsel for the debtor corporation), aff'd in pertinent part, 220 B.R. 434 (D. Utah 1998)

### B. Analysis

The Application should be denied due to the Firm's (a) non-disclosure of its representation of Mr. Kates and (b) conflict in representing both the Debtor and Mr. Kates. It was incumbent upon the Firm to disclose all of its "connections" with the Debtor and all parties-in-interest. Fed. R. Bankr. P. 2014(a); Leslie Fay, 175 B.R. at 533. The Firm failed to disclose its concurrent representation of both the Debtor and its

4

principal (Supp. Nakano Dec., Exh. A). Moreover, according to the complaint in the <u>Merrick</u> Case (<u>id</u>., Exh. B), Mr. Kates is the <u>alter ego</u> for the Debtor (<u>id</u>. ¶¶ 11, 14) as well. However, because the Firm represents Mr. Kates, it is conflicted from scrutinizing Mr. Kates' transactions, which, as an estate fiduciary, it is required to do:

> It is the duty of counsel for the debtor in possession to survey the landscape in search of property of the estate, defenses to claims, preferential transfers, fraudulent conveyances and other causes of action that may yield a recovery to the estate .... <u>The review of recent transactions with insiders must be particularly acute</u>.

<u>In re Git-N-Go, Inc.</u>, 321 B.R. 54, 59 (Bankr. N.D. Okla. 2004) (internal quotations and citations omitted) (emphasis added).

Because of the Firm's non-disclosure and conflict of interest, the Application should be denied.

WHEREFORE, the United States Trustee respectfully requests that this Court deny the Application and grant such other relief as the Court deems just, fair, and equitable.

Dated:   New York, New York
         January 14, 2015

                                    WILLIAM K. HARRINGTON
                                    UNITED STATES TRUSTEE

                              By:   <u>/s/ Serene K. Nakano</u>
                                    SERENE K. NAKANO
                                    Trial Attorney
                                    U.S. Federal Office
                                    201 Varick St., Room 1006
                                    New York, New York 10014
                                    (212) 510-0505